PEOPLE ex rel. CITY OF NIAGARA FALLS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   June 18, 1898.)

RAILROAD CROSSINGS—CONSTRUCTION.
    Under Laws 1897, c. 754, requiring the board of railroad commissioners to determine whether a street shall be constructed over or under a railroad crossing it, a city cannot compel a railroad company to carry a street over a crossing prior to the determination by the board how it shall cross the track.

Appeal from special term, Erie county.

Petition by the city of Niagara Falls for a peremptory writ of mandamus against the New York Central & Hudson River Railroad Company.   Petition denied, and relator appeals.   Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Morris Cohn, Jr., for appellant.
Daniel H. McMillan, for respondent.

HARDIN, P. J.   On the 4th of May, 1897, the relator prepared a notice to the defendant requiring it to cause the street to be taken across its tracks.   That notice gave the defendant 30 days in which to comply with its requirements, and it was served on the defendant on the 7th of May.   The street had not then been opened and worked, and was "in an impassable condition, and had not been opened between the tracks of the railroad company and Erie street up to the 21st day of June, 1897."   On the 7th of June, 1897, while the street was in the condition just mentioned, the common council of the city of Niagara Falls, by resolution adopted, "extended the time within which said Tenth street should be carried across the tracks of the defendant until the 7th day of July, 1897."   On the 30th of December, 1897, the relator prepared a notice of an application at special term for a writ of mandamus to be directed to the New York Central & Hudson River Railroad Company, requiring the company forthwith thereafter to cause said Tenth street, in the First ward, in the city of Niagara Falls, to be carried across the tracks of the New York Central & Hudson River Railroad Company.   Pursuant to that notice of motion, the defendant appeared and read an affidavit in opposition, at special term, on the 7th of February, 1898, and the special term denied the writ, with costs, and the relator has appealed from that order.

On the 22d of May, 1897, the legislature, by chapter 754 of the Laws of that year, provided, viz.: "Whenever a new street, avenue

or highway, or new portion of a street, avenue or highway shall hereafter be constructed across a steam surface railroad, such street, avenue or highway, or portion of such street, avenue or highway, shall pass over or under such railroad or at grade as the board of railroad commissioners shall direct. * * * The said board of railroad commissioners shall determine whether such street, avenue or highway, or new portion of a street, avenue or highway, shall be constructed over or under such railroad or at grade." In the third section of that act it was provided, viz.: "All acts and parts of acts inconsistent with this act are hereby repealed." In the fourth section it was provided, viz.: "This act shall take effect the first day of July, eighteen hundred and ninety-seven." Apparently the statute inaugurated a system by which the railroad commissioners were to be consulted and to determine the manner of crossing steam roads from and after the act took effect. When the application for mandamus was heard at special term, the statute to which reference has been made was in full force. Lazarus v. Railway Co., 145 N. Y. 581, 40 N. E. 240. Before issuing a mandamus, the court was called upon to exercise its discretion. It was properly said in the memorandum delivered by the judge who held the special term that granted the order from which the appeal is taken, viz.:

"It is now the settled policy of the state to commit the subject of the construction of railroads and the operation thereof over public crossings to the supervision and discretion of the state board of railroad commissioners, and the laws aimed at such result should receive a construction in harmony with the purposes to be effectuated."

The order should be affirmed, with costs. Order affirmed, with costs. All concur.