CITY OF YONKERS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

BRIDGES AT RAILROAD CROSSINGS—DUTIES OF CITIES AND RAILROAD COMPANIES.
    Section 64, c. 754, Laws 1897, relating to the respective duties of rail-
    road companies and municipalities in the maintenance of bridges at cross-
    ings, applies to existing crossings, as distinguished from the construction
    of crossings that might thereafter be created, which is covered by sections
    60 and 61.

Submission of controversy between the city of Yonkers and the
New York Central & Hudson River Railroad Company on agreed
statement of facts, pursuant to Code Civ. Proc. § 1279. Judgment
for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and
HATCH, JJ.

James M. Hunt, for plaintiff.

Ira A. Place, for defendant.

HATCH, J. The defendant is a railroad corporation organized
and operating its railroad pursuant to the laws of the state, which
are particularly set forth in the agreed statement of facts. After
the construction of such railroad, and while the same was in oper-
ation, the plaintiff, then known as the "Village of Yonkers," regu-
larly laid out and opened as a public highway Vark street, in said
village, running from Broadway westerly to a point west of the
westerly line of the railway tracks and property of the defendant.
The said street so laid out and established was about 20 feet above
the tracks of the defendant's railroad, and could not be carried over
its property except by the construction of a bridge. Claim was made
by the village at this time that it became the duty of the defend-
ant to construct the bridge over its tracks in order to carry such
street over the defendant's property. This claim was rejected by
the defendant, and thereafter, and in 1874, the plaintiff caused to be
constructed over the defendant's property a bridge about 20 feet
above the grade of the railroad tracks; and the same has been since
maintained by the plaintiff or its licensees as a part of Vark street,
and used by both persons and vehicles for purposes of transit. The
said bridge has since become out of repair, and is now in an unsafe
condition for use by people who travel thereon, and to the operation
of the railroad with its trains. The plaintiff has notified the de-
fendant of the condition of such bridge, and has requested it to re-
store the same, pursuant to chapter 754 of the Laws of 1897, which
the plaintiff claims devolves an obligation upon the defendant to
maintain the abutments and framework of said bridge in good repair.
The defendant denies that it is under any obligation, by virtue of
the statute relied upon or any other law, to maintain such bridge
in repair, but that such duty is devolved upon the plaintiff. This
presents the question to be decided.

Section 64 of chapter 754 of the Laws of 1897 provides:

"When a highway crosses a railroad by an overhead bridge, the framework
of the bridge and its abutments shall be maintained and kept in repair by the

railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality in which the same are situated. When a highway passes under a railroad, the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the subway and its approaches shall be maintained and kept in repair by the municipality in which the same are situated."

This section is sufficiently broad in its terms to cover all of the highway crossings over a railroad by means of an overhead bridge, as well as all highways passing under such railroad, whether they so cross an existing railroad or a railroad constructed after the passage of the act. This is not contended against by the defendant, but it is claimed by it that this act in its entirety relates to railroads constructed and operated after its passage, and has no application to existing railroads. The title of the act reads, "An act to amend railroad law, and the act amendatory thereof, relative to grade crossings;" and the purpose of the act is to avoid the same wherever it be practicable so to do. Thus, section 60 of the act provides:

"All steam surface railroads, hereafter built except additional switches and sidings, must be so constructed as to avoid all public crossings at grade, whenever practicable so to do."

This refers in terms to railroads constructed after the passage of the act. Section 61 provides:

"When a new street, avenue or highway, or new portion of a street, avenue or highway shall hereafter be constructed across a steam surface railroad, such street, avenue or highway, or portion of such street, avenue or highway, shall pass over or under such railroad or at grade as the board of railroad commissioners shall direct."

By the terms of this section it is evident that it is not confined to railroads hereafter to be constructed, but has direct reference to existing railroads and their relation to streets or avenues thereafter constructed across a steam surface railroad; while section 64, already quoted, evidently has reference to existing overhead crossings, and to those which pass under the railroad. The act therefore presents a complete scheme, one provision having reference to railroads that may hereafter be constructed across highways existing at the time, the second provision having reference to highways that may hereafter be constructed across railroads existing at the time, and the last having reference to railroad crossings already in existence, the purpose upon the part of the state being to abolish grade crossings, make provision for their abolition, and provide for their maintenance thereafter; and the same, in order to accomplish the result. not only legislated with respect to future conditions, but also as to already existing conditions. This harmonizes all of the sections of the act, and covers the whole subject-matter intended to be covered, which was the abolition of grade crossings, so far as the same might be practicable. The first above quoted section relates to the future, because the subject-matter of that section referred to railroads not then in existence, but thereafter to be constructed. In the second section the language having reference to railroads clearly relates to those already existing, while the provision has regard to highways thereafter constructed; and the last relates to present conditions

entirely, and such is its language, having regard solely to both railroads and highways crossing the same already existing.

This view of the statute not only harmonizes with the policy of the state, which seeks to avoid grade crossings, but it gives force and effect to the whole subject, by embracing the three classes upon which the act was to operate, and making specific provisions with respect to each. This being the construction of the statute, it follows that force is to be given to section 64 as applicable to the overhead crossing, the subject of this submission; and it imposes upon the defendant the duty of maintaining the framework and abutments of the bridge in proper repair, and upon the municipality the duty of keeping and maintaining the roadway over the same, and the approaches thereto, in proper repair.

It follows, therefore, that the plaintiff should have judgment upon the agreed statement of facts, with costs. All concur.