In the Matter of the Application of THE VILLAGE OF WAVERLY,
Respondent, for a Writ of Mandamus against WAVERLY AND
STATE LINE RAILWAY COMPANY and its Lessee, LEHIGH VALLEY
RAILROAD COMPANY, and ERIE RAILROAD COMPANY, Appellants.

*Railroad crossing — a proceeding instituted before chapter 754 of 1897 took effect not
enforced by mandamus.*

Where a petition, presented to the trustees of a village on the 14th of May,
1897, asking for the extension of a highway, had been granted by a resolution
of the trustees on the 21st day of June, 1897, in accordance with which, on the
twenty-ninth day of that month, a notice was served upon certain railroads
requiring them to cause the highway to be taken across the tracks of their
respective roads in accordance with chapter 62 of the Laws of 1853, the court
considered that as on the 1st of July, 1897, chapter 754 of the Laws of 1897,
amending the Railroad Law (Laws of 1890, chap. 565) took effect, the pro-
visions of which act were inconsistent with those of chapter 62 of the Laws of
1853, and expressed the present policy of the State in reference to grade cross-
ings, it would not grant a mandamus compelling action by the railroads under
the act of 1853, but would leave the village to the remedy afforded by section
61 of the Railroad Law as amended by the act of 1897.

APPEAL by the Waverly and State Line Railway Company and
its lessee, the Lehigh Valley Railroad Company, and the Erie Rail-
road Company, from orders of the Supreme Court, made at the Che-
mung Special Term and entered in the office of the clerk of the
county of Tioga on the 25th day of March, 1898, granting the appli-
cant's motion for a peremptory writ of mandamus compelling the
said railroad companies to lay out a street across the tracks of said
companies in the village of Waverly.

These are appeals from orders directing the issuance of a peremp-
tory mandamus against the appellants and defendants, requiring
them to take a certain street, described in the proceedings, across
the tracks of said defendants and appellants.

The tracks of the Erie railway and the Waverly and State Line
railway run approximately east and west through the village of
Waverly. In that portion of the village where it is proposed that
the new street shall be taken across the tracks of the defendants,
there is a street known as Broad street, to the north of the defend-
ants' tracks, and running parallel therewith; and to the south of
such tracks, and running parallel therewith, is a street known as

Erie street; on the north there is a street running north and south, known as Spaulding street, which runs south to Broad street; and south of the tracks there is a street, also running north and south, known as Henry street, which runs north to Erie street, and the proposition is that Spaulding street and Henry street shall be connected by extending Spaulding street across the tracks of the defendants to Henry street. Between the north line of the defendants' tracks and Broad street there is a strip of land owned by private individuals, and between the south line of defendants' tracks and Erie street there is another strip of land owned by private individuals. Up to the time of the commencement of these proceedings the village of Waverly had not acquired such pieces of property, and were not the owners thereof, although they had options for their purchase.

On the 14th day of May, 1897, a petition was presented to the board of trustees of the village of Waverly asking such board to open, lay out and extend a highway, " which shall be an extension of Spaulding street southerly from where it now joins Broad street across to Erie street, so as to connect with Henry street, thus making one continuous street."

Notice of hearing upon such petition was given, and thereafter, and on the 21st day of June, 1897, resolutions were adopted granting the prayer of the petitioners, and providing for the opening and extension of the street in the manner asked for, and on the 29th day of June, 1897, a notice was served upon the defendants notifying them that the trustees of the village of Waverly had duly laid out a street or highway across the tracks occupied by the Erie Railroad Company and the tracks occupied by Waverly and State Line Railroad Company, and requiring them " to cause the said street or highway to be taken across the tracks of your respective roads as shall be most convenient and useful for public travel, * * * in accordance with chapter 62 of the Laws of 1853, for such cases made and provided."

On the 5th day of July, 1897, the trustees, by resolution, authorized the president and clerk to procure options for the purchase of the lands described in the Spaulding street resolution of June twenty-first, and thereafter, on the 30th day of August, 1897, the president and clerk procured such options from the individual owners of such lands on the north and south sides of defendants'

tracks as hereinbefore referred to. The defendants failed to carry such streets across their tracks as requested, and thereafter the village of Waverly, on the 11th day of September, 1897, commenced proceedings for a writ of mandamus against these defendants to compel them to carry such street across their tracks.

At the time of the application to the court for a writ of mandamus, the village of Waverly had not acquired the necessary land outside of the railroad tracks for the extension of the street in question, so that no expense had been incurred by the village in these proceedings, or any property rights acquired for the purpose of carrying them into effect.

*Frederick E. Hawkes*, for the respondent village of Waverly.

*George M. Diven*, for the appellants, Waverly and State Line Railway Company and Lehigh Valley Railroad Company.

*Frederick Collin*, for the appellant, Erie Railroad Company.

HERRICK, J.:

At the time of the presentation of the petition to the board of trustees of the village of Waverly, for the extension and laying out of Spaulding street across the defendants' tracks, chapter 62 of the Laws of 1853 was in full force and effect. That statute provided that it should be lawful for the authorities of any city, village or town to lay out streets or highways across the tracks of any railroad without compensation to the corporation owning such railroad, and that, after receiving notice thereof, it should be the duty of any railroad corporation, across whose tracks a street or highway should be laid, to cause the said street or highway to be taken across their tracks in the manner most convenient and useful for public travel, and to cause all embankments, excavations and other work to be done on their road for that purpose.

July 1, 1897, chapter 754 of the Laws of 1897 took effect; that chapter amended article 2 of the Railroad Law (Laws of 1890, chap. 565) by adding thereto a number of sections, which, among other things, provided for taking streets and highways across the tracks of railroads; and by section 3 all acts and parts of acts inconsistent with that act were repealed. The provisions of this act, in relation to railroad crossings, are inconsistent with those of chapter 62 of the Laws of 1853.

Under chapter 62 all expenses of taking a street across the tracks of a railroad corporation are to be paid by such railroad corporation, and the manner of its being taken across is largely in the discretion of such corporation.

Under chapter 754 of the Laws of 1897, in one class of cases, the expenses of taking a street or highway across the tracks of a railroad are to be divided between the railroad corporation and the municipality, and, where a change is made in an existing crossing, the expense is to be divided between the railroad corporation, the State and the municipality; the manner in which it shall be taken across is to be determined by the Railroad Commissioners.

The policy of the State, as evinced by its legislation, is to avoid grade crossings.

Chapter 754 provides a complete scheme regulating all kinds of crossings, whether the tracks of a railroad crossing streets already laid out or streets newly laid out, opened or extended, across the tracks of a railroad already in existence, or whether a change in the grade of a crossing already in existence, and commits the control of the manner of making and constructing such crossing to the discretion of the Railroad Commissioners. (*People ex rel. City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 52 N. Y. Supp. 234; *City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.*, 52 id. 1074.)

And the court should not by its order or direction compel anything to be done in anywise contravening the public policy of the State, except in a case of absolute right existing in the party asking such action.

The contention of the respondent is that its proceedings are not affected by the passage of chapter 754 of the Laws of 1897; that its resolution to extend Spaulding street was adopted before that act took effect, and that by virtue of section 31 of the Statutory Construction Act (Laws of 1892, chap. 677) it is entitled to proceed under the provisions of chapter 62 of the Laws of 1853.

It is not necessary, however, for us to pass upon the meaning or effect of section 31 of the Statutory Construction Act at this time.

The remedy by mandamus is not an absolute legal right, but the writ is one that may be granted or refused in the discretion of the court, which discretion should be exercised in accordance with the

peculiar circumstances of each case. (*People ex rel. Hackley* v. *Croton Aqueduct Board*, 49 Barb. 259; *People ex rel. Slavin* v. *Wendell*, 71 N. Y. 171.)

It is a remedy that will not be granted where there is an adequate remedy at law. (*People ex rel. Lunney* v. *Campbell*, 72 N. Y. 496.)

And while it may be said that the village of Waverly has not an adequate remedy at law, in the sense that is meant in the case cited, still the principle is applicable, because it is not necessary, in order to have Spaulding street extended across the appellants' tracks, that such street should be carried across such tracks under the statute of 1853; it may be done under section 61 of the Railroad Law, as amended by the statute of 1897, without the passage of any new or additional resolution for the extension or opening of such street.

We must also consider the fact that chapter 754 was passed May 22, 1897, while the resolution to extend this street was pending before the board of trustees of the village of Waverly, and that during the hearings that were had before such board in relation thereto its attention was called to the fact that such act had been passed and would become operative July 1, 1897; also that the village of Waverly has gone to no expense in procuring lands necessary for the extension and opening of the street.

To compel the defendants to proceed in the manner asked by the village of Waverly is to ask the court to enforce a proceeding contrary to the policy of the State, as evidenced by chapter 754 of the Laws of 1897, and to take the construction of such crossing out of the supervision and control of the Railroad Commissioners, in a case where the party asking such action has not yet been to any expense under the former statute, and when it can obtain the crossing under the present statute and in conformity with the policy of the State in such matters. To issue the writ under such circumstances is not, it seems to me, exercising a sound judicial discretion.

For these reasons the orders appealed from should be reversed, with ten dollars costs and disbursements, and the application for a writ of mandamus denied, with ten dollars costs.

All concurred.

Orders reversed, with ten dollars costs and disbursements, and application for writ of mandamus denied, with ten dollars costs.