(43 App. Div. 599.)

## KANE v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. October 10, 1899.)

1. MUNICIPAL CORPORATIONS — ACTION FOR PERSONAL INJURY — WARNING OF DANGEROUS BRIDGE.

Defendant, a city, was repairing a bridge. At night the gates to the bridge were closed, or partly closed, and there was also a timber placed across in front of the gates near the ground, but no warning lights were maintained. Plaintiff, who was on foot, passed through the gates, which were not fastened, onto the bridge, and fell through, and was injured. *Held*, that the question whether proper precautions were taken to warn foot passengers of the danger was one for the jury.

2. SAME — CONTRIBUTORY NEGLIGENCE — INSTRUCTION.

Plaintiff, in the night, passed through a gate at the entrance of a bridge which was undergoing repairs, and fell through the bridge, and was injured. *Held*, in an action against the city to recover for the injury, that it was not error to refuse an instruction that, if force was required to open the gate, plaintiff could not recover, where there was evidence that plaintiff had on previous occasions opened the gate and passed across the bridge in safety.

Hatch, J., dissenting.

Appeal from trial term, Westchester county.

Action by William Kane against the city of Yonkers. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James M. Hunt, for appellant.
John F. Brennan, for respondent.

WILLARD BARTLETT, J. The plaintiff was injured on the evening of December 23, 1897, by falling through a hole in the flooring of a bridge at the foot of Vark street, in the city of Yonkers. The locality is the same as that which was the subject of consideration in City of Yonkers v. New York Cent. & H. R. R. Co., 32 App. Div. 474, 52 N. Y. Supp. 1074. It was conceded upon the trial of the present case that the city of Yonkers was chargeable with the duty of maintaining the floorway of this bridge, and hence was bound to exercise reasonable care to keep it in a safe and suitable condition for public travel. In the autumn of 1897, the commissioner of public works, for the purpose of repairing the bridge, caused some of the planking to be removed, and thereafter the gates at the east end appear to have been closed at night, and the approach from the city barricaded by stout sticks or beams placed in front of the gates, and close to them, across the roadway. The plaintiff, who was the captain of a schooner which had arrived at the water front the night before, went into the city over a private bridge, known as the "Lawrence Bridge," which spans the New York Central & Hudson River

Railroad immediately north of the Vark street bridge; and, according to his testimony, he did not notice the condition of the latter structure at all, or observe that the planking had been removed, and that it was out of repair. On his way back to his vessel, he found the gates of the Lawrence bridge locked. The gates on the Vark street bridge, however, were not fastened. They were open, the plaintiff tells us, about eighteen inches. There was a stick across the entrance to the bridge between two and three feet from the gates, which did not prevent them from opening inward, towards the west. The plaintiff places it about six inches above the ground, and says he stepped over it, passed through the gates, which were open wide enough to let him through without squeezing, and at the second step beyond fell through the framework of the bridge, from which the flooring had been removed, onto the railroad beneath.

The propriety of repairing the bridge is not questioned. The liability of the city, apart from any question of contributory negligence by the plaintiff, depends upon the sufficiency of the means which were adopted to warn travelers that it was dangerous to attempt to cross. I think that a jury might well conclude from the evidence that reasonable care on the part of the municipality demanded something more than was done in this respect. There was no warning light. If the plaintiff is to be believed, the condition of the gates did not differ materially from what he had often found it to be when he had traveled over the bridge in safety. The presence of the piece of timber across the entrance would naturally suggest an intention to prevent the passage of teams at night, but was hardly more indicative of a prohibition against the passage of persons on foot than was the ordinary closing of the gates. On the whole, I entertain no doubt that there was a question of negligence for the jury.

There was evidence in behalf of the defendant to the effect that the plaintiff was expressly warned of the dangerous condition of the city bridge when he was on his way into Yonkers, by a witness who told him to take the Lawrence bridge instead, which he did. It is also insisted that the plaintiff must have been careless in failing then to observe that the city bridge, only a few feet from him, was out of repair. The jury, however, were at liberty to believe the plaintiff's denial of the alleged warning, and to acquit him of negligence in omitting to notice the condition of the neighboring structure. In the disposition of this branch of the case, no legal error was committed.

The court was asked to charge the jury that, if force was required to open the gates at the time the plaintiff went through, the plaintiff could not recover. To this request the learned trial judge responded: "I will leave to the jury to say, under all the circumstances, whether, in going through the gates in the condition in which plaintiff found them, it was or was not negligence on his part." An exception was taken to the refusal to charge the proposition as requested, and Mr. Justice Keogh added: "The reason I do not do so is because I think there is a little variance regarding that." The instruction was properly refused. Some degree of force would be exercised in opening any gate, and contributory negligence would not be imputable to the

plaintiff for using such force as he had found to be requisite on previous occasions, when he had gained access to the bridge in a similar manner and passed over in security. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except HATCH, J., dissenting.