I think that the learned trial court erred in determining that the defendant's possession was not adverse, and that the judgment and order should be reversed, with costs to abide the event.   All concur.

---

### NEW YORK CENT. & H. R. R. CO. v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department.   November 11, 1908.)

RAILROADS (§ 96*) — HIGHWAY CROSSINGS — LAYING OUT STREETS OVER RAIL-
ROADS—STATUTORY PROVISIONS.

Where a city, before the enactment of the railroad law (Laws 1897, p. 794, c. 754), laid out a street across a steam railroad, but did not put it in condition for use until after the passage of the law, section 61, of which as amended, provides that, where a new street shall be constructed across a steam surface railroad, the Board of Railroad Commissioners shall direct whether it shall pass over, under, or at grade, the street could not be thereafter extended across the railroad until the Board of Railroad Commissioners or its successors, the Public Service Commission, had determined the method of crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 284–290; Dec. Dig. § 96.*]

Appeal from Equity Term, Erie County.

Action by the New York Central & Hudson River Railroad Company against the city of Buffalo.   Judgment for defendant, and plaintiff appeals.   Reversed, and judgment directed for plaintiff.

The action was commenced on the 3d day of November, 1902, to restrain the defendant from extending Delavan avenue, in the city of Buffalo, across the tracks of the plaintiff, and from constructing and maintaining a grade crossing at such point.   The learned trial court determined that the defendant was entitled to construct and maintain the crossing in question and to cross the tracks of the plaintiff at grade, and authorized it to do so upon complying with certain conditions specified.   Judgment was entered accordingly, and from it this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and ROBSON, JJ.

M. C. Spratt, for appellant.
Samuel F. Moran, for respondent.

McLENNAN, P. J.   The material facts are not in dispute.   Prior to 1867 the plaintiff or its predecessor in interest was the owner in fee of the lands in question and across which it is proposed to extend Delavan avenue, and at that time the plaintiff, or such predecessor, had constructed and has ever since maintained its tracks, which constitute a part of its main line, upon said lands.   In 1867 the defendant, in compliance with the provisions of its charter then in force, instituted proceedings for the purpose of laying out an extension of Delavan avenue, a public street in said city, from its then terminus in Niagara street westerly to the towpath of the Erie Canal.   Within the bounds of the street so proposed to be laid out and extended were the

lands in question and which the city proposed to acquire by such proceeding. In such proceeding commissioners were duly appointed to ascertain the compensation which the city should pay to the person or persons owning or having an interest in the lands proposed to be taken. The plaintiff was made a party to such proceeding, and, as we have seen, at that time had devoted the land in question owned by it to a public use, to wit, the construction and maintenance of a portion of its railroad over and upon the same. The commissioners duly made their report and awarded to the plaintiff the sum of $132. Such report was afterwards confirmed, and such award was paid to the plaintiff, with interest. After the conclusion of the condemnation proceeding the defendant made no attempt to use the premises so acquired by it, or the interest which it acquired therein, for highway purposes, until shortly before the commencement of this action. It is true that people were allowed to cross plaintiff's tracks on foot and to travel upon the proposed avenue as extended, and teams occasionally passed over the lands lying to the east of the lands described in the complaint, and in 1890 defendant constructed a sewer over and across the lands in question and upon the line of the proposed street. But no highway crossing was ever constructed over or upon the lands occupied by the plaintiff, and, so far as appears, during all those years there was really no necessity for such highway. Shortly before the commencement of this action the defendant sought to put this extended portion of the street in such condition that it could be used as a public highway, and to that end attempted to plank between the tracks of plaintiff's railroad in such manner as to induce the public to use the same as a public highway. Such action on the part of the defendant was resisted by the plaintiff, and this action was brought.

The plaintiff contended that the only rights which the defendant acquired over or in the property in question by the condemnation proceedings was that of an easement, and that such easement had lapsed by nonuser; that defendant had no right to take or attempt to take the highway across the property in question and the tracks thereon until it had applied to and secured from the Board of Railroad Commissioners permission so to do, pursuant to section 61 of the railroad law (Laws 1897, p. 794, c. 754). The plaintiff also claimed that by reason of nonuser there ceased to be any highway laid out across plaintiff's tracks and over the land in question. The learned trial court found, in substance, and we think correctly, that by the condemnation proceedings and the payment of the award the defendant city acquired title in fee to the lands in question, except such part or interest therein as was actually devoted to public use for railroad purposes. But notwithstanding such finding, and giving it full force and effect, we are of the opinion that the plaintiff was entitled to an injunction restraining the defendant from carrying the avenue in question across its tracks until the defendant had complied with the provisions of section 61 of the railroad law. That section provides:

"When a new street, avenue or highway or a new portion of a street, avenue or highway, shall hereafter be constructed across a steam surface railroad, * * * such street, avenue or highway shall pass over or under such railroad or at grade as the Board of Railroad Commissioners shall direct."

The portion of the act quoted clearly relates solely to the construction of a street, avenue, or highway across a steam surface railroad. The section further provides that, if a municipality desires to lay out a street, avenue, or highway across a steam surface railroad, it must proceed in accordance with the provisions of the statute. Of course, such provision in respect to the laying out of streets, avenues, or highways can only have reference to such as it is proposed to lay out after such enactment. In the case at bar the highway in question was laid out long prior to the passage of such statute, and its provisions could in no manner affect the proceedings taken by the defendant to lay out and extend the avenue in question. The defendant, having once laid out the highway in accordance with the provisions of its charter then in force and having acquired the fee of the lands necessary for that purpose, was not required to lay it out again, simply because of the passage of the railroad law, to which attention has been called, or because of the fact that it had permitted such highway, so laid out and extended, to remain unused as a public highway, for all the years between 1867 and the time immediately preceding the commencement of this action.

We think we should hold that the extension of the avenue in question, extending across the property and tracks of the plaintiff, was properly laid out, and that the defendant, simply because of the failure on its part to exercise its rights in the premises, to wit, its failure to use such highway or to put it in condition for use, did not lose the benefit resulting to it from the laying out of the highway in question, obtained in accordance with the provisions of law then in force; and it follows that the extension of Delavan avenue was properly laid out, and that the defendant has the right to extend such avenue across the tracks of the plaintiff, unless prohibited by the provisions of the railroad law, above quoted, relating to the construction of streets, avenues, or highways across the tracks of steam surface railroads. While the laying out of the avenue in question could not be affected by the railroad law, which was enacted a quarter of a century after such laying out took place and was completed, it seems to me that the construction of such crossing attempted to be made after such act took effect ought to be governed and controlled by its provisions. The mandate of the statute is imperative that, when a new avenue or a new portion of an avenue shall hereafter be constructed across a steam surface railroad, it shall only be done as directed by the Board of Railroad Commissioners. It cannot be possible that the Legislature intended that all streets, avenues, or highways which may have been laid out, and which perchance have remained unused for a quarter of a century or more, should be entitled, at the instance of a municipality or other interested party, to be carried across the tracks of a steam surface railroad at grade, notwithstanding the express provisions of the act above quoted. It will be observed that that portion of the act does not say that when a new street, avenue, or highway shall hereafter be laid out across a steam surface railroad the act shall apply; but it provides that, when such street, avenue, or highway shall hereafter be constructed across a steam surface railroad, the Board of

Railroad Commissioners shall determine the manner of such crossing, whether it shall be under, over, or at grade.

The purpose of the act was to prevent crossings of railroads by streets, avenues, or highways at grade, to protect the public against the danger arising from grade crossings. We cannot believe that it was intended by the Legislature that the many streets which, we will assume, had been properly laid out by the municipalities in years gone by, but which had never been used as public highways or streets, should be extended across the tracks of a steam surface railroad after the passage of the act in question without the consent and approval of the Board of Railroad Commissioners. Such a construction would, as it seems to me, seriously impair the beneficial results which were expected to follow the passage of the act. To illustrate: Suppose that after the passage of the act a highway is proposed which will cross the tracks of a steam surface railroad. Clearly in that case such result can only be accomplished after determination and decision by the Board of Railroad Commissioners. Can it be possible that a parallel street or avenue, which had been laid out a quarter of a century before, should be taken across the same railroad in such manner as the municipality might deem best, without regard to the action of the Board of Railroad Commissioners in the premises? If so, then all the streets and avenues throughout the state, which for years have been only so-called map streets, not worked, bounded, or in any manner opened to the public for travel, may be extended across the tracks of a steam surface railroad, wholly independent of the Board of Railroad Commissioners. We think such is not a reasonable and fair interpretation of the statute; that as applied to this case the avenue in question has been laid out under the proceedings instituted in 1867, but that, when it comes to the construction of the crossing over the property and across the tracks of the plaintiff, the provisions of the statute above quoted apply, and such construction can only be made in such manner as may be authorized by the Board of Railroad Commissioners.

The principle presented by this case involves not only the rights of the plaintiff and defendant, but of the traveling public as well, and the real question presented is: Is it proper and safe under all the circumstances to compel or permit the public to cross the tracks of the plaintiff at the place in question at grade? A grade crossing at that point in 1867 might have been entirely proper from every viewpoint, but according to the record the conditions have changed. The travel which would be taken across these tracks has very materially increased. The number of trains operated by the plaintiff across such proposed highway has been largely increased. And we think, in view of those changed conditions and in view of the railroad law, which has been enacted for the protection of the public, that it ought not to be held that the municipality can extend the proposed avenue across such tracks at its will and in violation of the provisions of the statute which purports to regulate the construction of crossings over the tracks of steam surface railroads. Our notion is that under the facts of this case the extension of Delavan avenue was properly laid out and that the defendant has the right to have it extended across the tracks and

property of the plaintiff, but only in accordance with the provisions of the statute above quoted, which provides how and in what manner a street, avenue, or highway may be constructed across the tracks of a steam surface railroad.

In the case of People ex rel. City of Niagara Falls v. New York Central & Hudson River Railroad Company, 158 N. Y. 410, 53 N. E. 166, the answer to the question presented in this case has been very plainly stated. The court said:

"The latter act radically altered the procedure by which highways are to be carried across railroad tracks, a change of procedure made necessary by the radical change in the public policy of the state looking towards the ultimate abolition of the crossing of highways at grade by the tracks of steam railroads. It provides a complete scheme as to crossings, whether the tracks of the railroad cross streets already laid out or streets newly laid out, opened, or extended across the tracks of a railroad already in existence, or the change in the grade of an existing crossing, and commits the regulation of the manner of making and constructing such crossing to the railroad commissioners, who are given authority to determine whether a given street, avenue, or highway shall pass over or under a railroad, or at grade. * * * The right of all municipalities to lay out streets across the property of a railroad remains unaffected by this legislation; but it does take away from them the right of their own motion to compel a railroad to take a street across its tracks at grade. A municipality may desire that it be so taken, to save expense to itself or for some other reason; but the power to determine whether its wish will be given effect has, since the 1st day of July, 1897, been committed to the judgment of the railroad commissioners. Many attempts have been made since the passage of that act to thwart the policy of the lawmaking power to avoid grade crossings. In some instances proceedings to open streets were instituted by the municipal authorities after the act of 1897 had been passed, but, of course, before it took effect. Indeed, in one instance, the notice, which the act of 1853 provided should be served upon a railroad corporation, notifying it to take a street across its railroad tracks within 30 days, was served only 2 days before the act of 1897 took effect. Matter of the Village of Waverly, 35 App. Div. 38, 54 N. Y. Supp. 368. It would be unfortunate if such attempts to subvert the policy of the state could have such support in the statutes as would make them effectual; but, as we read them, they have no such support."

The defendant, at the time of the commencement of this action, was about to construct a highway across the tracks of the plaintiff's steam surface railroad, which highway had been laid out in accordance with the statute in force prior to the passage of the railroad law; but the construction of such highway had not been commenced or attempted until after the passage of such act, and it seems to me clear that the statute prohibits the construction of such crossing by the municipality, except in accordance with the provisions of such act. The Board of Railroad Commissioners, or its successor, the Public Service Commission, upon proper application, should determine whether or not the crossing in question should be an overhead or underground crossing, or at grade. The defendant has not the right to construct such crossing, except in such manner as may be approved by such authority.

The question presented by this appeal is important. May all the unused and unoccupied streets in the state, which are only shown or indicated upon maps, and which have never been used by the public, but which may have been legally laid out prior to the passage of the railroad law, be carried across and over the tracks of a steam surface railroad at the will of a municipality and independent of the determi-

nation of the Board of Railroad Commissioners as to what method of crossing is necessary in order to protect the interests of the public and of the railroad? We conclude that the judgment appealed from should be reversed, with costs, and that the defendant should be enjoined from making the crossing in question until it has complied with the provisions of section 61 of the railroad law as amended.

Judgment reversed, with costs, and judgment directed for the plaintiff, with costs, enjoining the defendant from making the crossing in question until it has complied with the provisions of section 61 of the railroad law as amended. All concur, except KRUSE, J., not sitting.