In the Matter of the Application of the TOWN BOARD OF THE TOWN OF ROYALTON, Appellant, under Section 61 of the Railroad Law as to Highway Crossing Tracks of THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

Fourth Department, May 4, 1910.

Public Service Commission — proposed highway — grade crossings — public safety paramount to public convenience — power of commissioners.

*It seems*, that an appeal from an order of the Public Service Commission providing that a proposed highway shall cross railroad tracks on an elevated viaduct of certain clearance, does not lie if the Commission reserved its decision as to the length, character and grades of the approaches to the viaduct — matters which the statute requires it to determine. This, because until all the facts are presented, the court cannot intelligently review the order.

Even though a proposed highway duly laid out by a town board must cross railroad tracks at grade in order to serve the convenience of the public desiring access to a neighboring cold storage plant which is the chief purpose of the

highway, the Public Service Commission may, nevertheless, require that the highway be taken across the railroad tracks on a viaduct if a crossing at grade will be dangerous.

Matters of public convenience always yield to matters of public safety.

APPEAL by the petitioner, the Town Board of the Town of Royalton, from an order of the Public Service Commission, second district, entered in the office of the secretary of said Commission on the 19th day of May, 1909.

The order was made in disposing of the application of appellant pursuant to the provisions of section 61 of the Railroad Law (Gen. Laws, chap. 39 [Laws of 1890, chap. 565], added by Laws of 1897, chap. 754, and amd. by Laws of 1898, chap. 520; since amd. by Laws of 1909, chap. 153) for the order of said Public Service Commission determining whether a highway theretofore laid out by said town board across lands of respondent should pass over or under, or at the grade of the latter's railroad. This order provides: "(1) That the said highway shall be constructed over the said railroad upon a metal viaduct with a clearance of at least twenty-one feet above the top of the rail of the said railroad. * * * (2) That the Town Board of Royalton shall submit to this Commission plans and specifications for the said viaduct or structure which shall show the height, length and material, said height and material to be in accordance with the provisions herein contained, also the length, character and grade of the approaches thereto. * * * (3) That upon the submission of such plans and specifications the same be considered by this Commission with reference to the final approval thereof and that a final order be entered upon approval of the plans and specifications as submitted by the Town of Royalton."

*George F. Thompson*, for the appellant.

*Hoyt & Spratt* [*Alfred L. Becker* of counsel], for the respondent.

ROBSON, J.:

The order before us for review determines only that " the said highway shall be constructed over the said railroad upon a metal viaduct with a clearance of at least twenty-one feet above the top of the rail of the said railroad." The length of the viaduct by which the highway is to be carried across the railroad, and the length, character and grades of the approaches thereto, which must also, as the statute

requires, be determined by the Commission, are not fixed, but are expressly reserved for determination by subsequent final order. Before an appeal can properly be taken from such an order it would seem that all these matters, which the statute requires the Commission to determine, should be definitely passed upon and the determination so made presented in the record on appeal. In no other way can the facts be comprehensively presented for an intelligent review of the decision which the Commission has made. We might, therefore, well decline to consider the present appeal as premature because the Commission has not yet made its decision determining the matters which the statute requires it to determine, and an appeal to this court is permitted only from a decision of the Commission made pursuant to the provisions of the statute. (See Railroad Law, § 61, as amd. *supra;* Id. § 62, added by Laws of 1897, chap. 754, and amd. by Laws of 1898, chap. 520; Laws of 1899, chap. 359, and Laws of 1909, chap. 153.)

But, assuming this intermediate and incomplete decision of the Commission is now properly before us for review, we think the order should be affirmed. The formal proceedings had by the town board in laying out the proposed highway crossing the railroad it is conceded were regularly taken. It seems also to be conceded that a crossing at grade is, as the highway has been laid out, the only practicable crossing by which the proposed highway can be made to serve the convenience of the vehicular traffic of the public having occasion to do business at the Sweeney Cold Storage plant, as it is now located and constructed. That this traffic will be better accommodated by the proposed highway seems to be practically the only reason why it should be built. The argument which appellant urges as being a conclusive reason that the order should be reversed seems to be in substance this. The town board had the exclusive right to determine the necessity for and the location of the new highway. As now laid out it is, as is claimed, a physical impossibility to construct it either above or below the railroad and serve the only purpose which makes its construction necessary. The Public Service Commission is, therefore, bound to allow the highway to cross the railroad at grade, because that is the only feasible crossing by which the only necessity for the highway can be met. If this argument is sound, then no choice is left to the Commission except to ratify

a decision of the town board as to the manner in which the highway shall cross the railroad, and application for its decision as to the manner of crossing is an empty form. We are unable to agree with this contention of counsel. The present public policy of the State as indicated in the statute is the ultimate elimination of dangerous grade crossings. (*People ex rel. City of Niagara Falls* v. *New York Central & H. R. R. R. Co.*, 158 N. Y. 410; *New York Central & H. R. R. R. Co.* v. *City of Buffalo*, 128 App. Div. 373.) This, of course, includes, at least so far as practicable, the prevention of making new and dangerous grade crossings, which, if permitted, would necessarily result in additional crossings, which must be ultimately abolished before full effect to the public policy expressed in the statute is given. That the Public Service Commission may permit a grade crossing is, of course, apparent. But it would seem that such permission should be given only in exceptional cases and where the safety of the public would not be materially jeopardized. Appellant's position involves the proposition that the Public Service Commission must yield permission for a grade crossing, however dangerous it may be, if such a crossing is necessary to make the use of a new highway practicable, and yet as soon as it has been established the Commission can of its motion at once inaugurate proceedings for its alteration, as provided in section 66 of the Railroad Law (added by Laws of 1897, chap. 754). We cannot accept this as a reasonable interpretation of the effect of the statute.

If the proposed highway should be carried across the railroad at grade, it clearly appears that the result would be an extremely dangerous grade crossing owing to obstructions of the view which travelers approaching it in either direction would have. It would be, as the commissioner before whom the hearing was had not inaptly described it, a " death-trap." The principle that considerations serving public convenience only must always yield to those which affect public safety is well established. Under all the circumstances we conclude that the Public Service Commission properly determined that the crossing should be above the railroad grade.

The order should be affirmed, with fifty dollars costs.

All concurred.

Order affirmed, with fifty dollars costs.