In re TOWN BOARD OF TOWN OF ROYALTON.

TOWN BOARD OF TOWN OF ROYALTON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. RAILROADS (§ 94*)—CROSSING HIGHWAYS—ORDER OF PUBLIC SERVICE COMMISSION—ORDERS APPEALABLE—FINAL ORDERS.

An order of the Public Service Commission determining only that a highway should be constructed over a railroad on a metal viaduct with a specified clearance, but failing to fix the length of the viaduct, and the length, character, and grades of the. approaches, which the commission is required by Railroad Law (Laws 1890, c. 565) § 61, as added by Laws 1897, c. 754, § 1 and amended by laws 1898, c. 520, § 1 and Laws 1909, c. 153, § 1, to determine, such matters being expressly reserved for determination by subsequent final order, was not final nor appealable.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 94.*]

2. RAILROADS (§ 94*)—CROSSINGS—PUBLIC SERVICE COMMISSION—JURISDICTION.

Since the Public Service Commission has jurisdiction to determine the manner by which a highway shall cross a railroad track, where it appeared that a grade crossing would be extremely dangerous, owing to obstructions of the view which travelers approaching in either direction would have, the commission was not bound to allow the highway to cross the railroad at grade because that was the only feasible crossing by which the only necessity for the highway could be met.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 94.*]

Appeal from Public Service Commission.

Application of the town board of the town of Royalton for an order fixing the manner of crossing of a new highway in said town over the tracks of the New York Central & Hudson River Railroad Company. From an order of the Public Service Commission directing that the highway should be constructed over the railroad on a metal viaduct with a clearance of at least 21 feet above the top of the rail of the railroad, that the town board should submit plans and specifications for the viaduct, showing the height, length, and material to be in accordance with the provisions therein contained, also the length, character, and grade of approaches, and on the submission of the plans and specifications the same should be considered by a commission with reference to the final approval thereof, and that a final order be entered on the approval of the plans and specifications, as submitted by the town, it appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

George F. Thompson, for appellant.

Hoyt & Spratt (Alfred L. Becker, of counsel), for respondent.

ROBSON, J. The order before us for review determines only that: "the highway shall be constructed over the said railroad upon a metal viaduct with a clearance of at least 21 feet above the top of the rail of the said railroad." The length of the viaduct by which the highway is to be carried across the railroad, and the length, character, and

grades of the approaches thereto, which must also, as the statute requires, be determined by the commission, are not fixed, but are expressly reserved for determination by subsequent final order. Before an appeal can properly be taken from such an order, it would seem that all these matters which the statute requires the commission to determine should be definitely passed upon and the determination so made presented in the record on appeal. In no other way can the facts be comprehensively presented for an intelligent review of the decision which the commission has made. We might, therefore, well decline to consider the present appeal as premature because the commission has not yet made its decision determining the matters which the statute requires it to determine, and an appeal to this court is permitted only from a decision of the commission made pursuant to the provisions of the statute.

But, assuming this intermediate and incomplete decision of the commission is now properly before us for review, we think the order should be affirmed. The formal proceedings had by the town board in laying out the proposed highway crossing the railroad it is conceded were regularly taken. It seems also to be conceded that a crossing at grade is, as the highway has been laid out, the only practicable crossing by which the proposed highway can be made to serve the convenience of the vehicular traffic of the public, having occasion to do business at the Sweeney cold storage plant, as it is now located and constructed. That this traffic will be better accommodated by the proposed highway seems to be practically the only reason why it should be built.

The argument which appellant urges as being a conclusive reason that the order should be reversed seems to be in substance this. The town board had the exclusive right to determine the necessity for and the location of the new highway. As now laid out it is, as is claimed, a physical impossibility to construct it either above or below the railroad, and serve the only purpose which makes its construction necessary. The Public Service Commission is therefore bound to allow the highway to cross the railroad at grade, because that is the only feasible crossing by which the only necessity for the highway can be met. If this argument is sound, then no choice is left to the commission, except to ratify a decision of the town board as to the manner in which the highway shall cross the railroad, and application for its decision as to the manner of crossing is an empty form. We are unable to agree with this contention of counsel. The present public policy of the state as indicated in the statute is the ultimate elimination of dangerous grade crossings. People ex rel. City of Niagara Falls v. New York Central & H. R. R. Co., 158 N. Y. 410, 53 N. E. 166; New York Central & H. R. R. Co. v. City of Buffalo, 128 App. Div. 373, 112 N. Y. Supp. 997. This, of course, includes, at least so far as practicable, the prevention of making new and dangerous grade crossings, which, if permitted, would necessarily result in additional crossings, which must be ultimately abolished before full effect to the public policy expressed in the statute is given. That the Public Service Commission may permit a grade crossing is, of course, apparent. But it would seem that such permission should be given only in exceptional cases and where the safety of the public would not be materially jeopardized. Appel-

lant's position involves the proposition that the Public Service Commission must yield permission for a grade crossing, however dangerous it may be, if such a crossing is necessary to make the use of a new highway practicable, and yet, as soon as it has been established, the commission can of its own motion at once inaugurate proceedings for its alteration, as provided in section 66 of the act (Laws 1890, c. 565, as added by Laws 1897, c. 754, § 1). We cannot accept this as a reasonable interpretation of the effect of the statute.

If the proposed highway should be carried across the railroad at grade, it clearly appears that the result would be an extremely dangerous grade crossing owing to obstructions of the view which travelers approaching it in either direction would have. It would be, as the commissioner, before whom the hearing was had, not inaptly described it, a "death trap." The principle that considerations serving public convenience only must always yield to those which affect public safety is well established. Under all the circumstances, we conclude that the Public Service Commission properly determined that the crossing should be above the railroad grade.

The order should be affirmed with $50 costs. All concur.